17074

CHARLES L. SPARROW, Respondent, v. MILTON NERZIG and STUART NERZIG, Appellants

(89 S. E. (2d) 718)

*Messrs. Royall & Wright,* of Florence, and *Hawkins & Bethea,* of Dillon, *for Appellants,*

*Messrs. Willcox, Hardee, Houck & Palmer,* of Florence, and *Herbert Britt,* of Dillon, *for Respondent,*

*Messrs. Royall & Wright,* of Florence, and *Hawkins & Bethea,* of Dillon *for Appellants, in Reply,*

October 12, 1955.

Legge, Justice.

On July 21, 1953, a collision occurred in Dillon County, South Carolina, between a tractor-trailer truck owned by Charles L. Sparrow and being driven at the time by Donnie B. Ward, and a Buick automobile owned by Milton Nerzig and occupied at the time by him, his wife, Selma Nerzig,

and his fifteen-year-old son, Stuart Nerzig. Sparrow and Ward are residents of the state of North Carolina; the Nerzigs are residents of the state of New York.

On or about August 4, 1953, Sparrow instituted the present action in the Court of Common Pleas for Dillon County against Milton Nerzig seeking to recover $3,000.00 for the damage to Sparrow's truck resulting from the aforesaid collision. The complaint alleged that Milton Nerzig was the owner and driver of the Buick automobile at the time of the collision. On November 28, 1953, within extension of time granted, Milton Nerzig answered, setting up defenses to the complaint and asserting a counterclaim against Sparrow in the amount of $300,000.00 for his own alleged personal injuries and property damage resulting from the collision. The answer and counterclaim specifically admitted and alleged that Milton Nerzig was driving the Buick at the time.

On March 10, 1954, Stuart Nerzig, by his guardian *ad litem,* William H. Blackwell, brought suit in the District Court of the United States for the Eastern District of South Carolina against Sparrow and Ward, seeking to recover damages in the amount of $300,000.00 for personal injuries sustained by him as the result of the collision. The complaint alleged that Milton Nerzig was driving the Buick at the time of the collision. On June 1, 1954, within time duly extended, Sparrow and Ward answered, setting up defenses of specific denials and contributory negligence, including the allegation that at the time of the collision the Buick was being driven by "the plaintiff", *i. e.,* Stuart Nerzig. We note, in passing, that the action in the federal court was improperly entitled *"William H. Blackwell, as Guardian ad Litem for Stuart Nerzig, an infant, Plaintiff, v. Charles L. Sparrow and Donnie B. Ward, Defendants".* Cf. *Morgan v. Potter,* 157 U. S. 195, 15 S. Ct. 590, 39 L. Ed. 670; *Mitchell v. Cleveland,* 76 S. C. 432, 57 S. E. 33. But no issue in that regard is before us, and it appears from

the answer of the defendants in the federal court action that they considered the plaintiff there to be the infant and not the guardian ad litem. No counterclaim was asserted in that action by either Sparrow or Ward.

On June 19, 1954, in the instant case, Sparrow served upon counsel for the defendant, Milton Nerzig, notice that he would move before the Honorable J. Woodrow Lewis, Judge of the Fourth Judicial Circuit, for an order permitting him to amend his complaint: (a) by alleging that at the time of the collision the Buick automobile, owned by the defendant Milton Nerzig, was being driven by his infant son, Stuart Nerzig, as his "agent, servant and employee"; (b) by joining Stuart Nerzig as a party defendant; (c) by making certain changes in and additions to the specifications of negligence; and (d) by praying judgment against both Milton Nerzig and Stuart Nerzig. From Judge Lewis' order of July 27, 1954, granting the motion, this appeal is taken.

Chief Justice Taft, in *Ponzi v. Fessenden,* 258 U. S. 254, 42 S. Ct. 309, 310, 66 L. Ed. 607, 22 A. L. R. 879, said:

"We live in the jurisdiction of two sovereignties, each having its own system of courts to declare and enforce its laws in common territory. It would be impossible for such courts to fulfill their respective functions without embarrassing conflict unless rules were adopted by them to avoid it. The people for whose benefit these two systems are maintained are deeply interested that each system shall be effective and unhindered in its vindication of its laws. The situation requires, therefore, not only definite rules fixing the powers of the courts in cases of jurisdiction over the same persons and things in actual litigation, but also a spirit of reciprocal comity and mutual assistance to promote due and orderly procedure".

In actions in rem, the rule is settled that the tribunal, state or federal, which first takes the subject matter into its control may hold it to the exclusion of the

other until its duty has been fully performed and its jurisdiction exhausted. *Covell v. Heyman,* 111 U. S. 176, 4 S. Ct. 355, 28 L. Ed. 390. So, too, with regard to actions *quasi in rem,* such as those involving receivership, marshaling of assets, administration of trusts, and the like. *Marchant v. Wannamaker,* 176 S. C. 369, 180 S. E. 350; *Porter v. Sabin,* 149 U. S. 473, 13 S. Ct. 1008, 37 L. Ed. 815; *United States v. Bank of New York & Trust Co.,* 296 U. S. 463, 56 S. Ct. 343, 80 L. Ed. 331; *Princess Lida of Thurn and Taxis v. Thompson,* 305 U. S. 456, 59 S. Ct. 275, 83 L. Ed. 285. And with regard to proceedings involving the custody of a person, *Ableman v. Booth,* 21 How. 506, 16 L. Ed. 169; *Ponzi v. Fessenden, supra.*

Even where the action is *in rem,* the court of prior jurisdiction is not bound to regard the rule as inflexible, but may decline to interfere if, in the exercise of its discretion, it concludes that the character and adequacy of the latter proceedings so require. *Commonwealth of Pennsylvania v. Williams,* 294 U. S. 176, 55 S. Ct. 380, 79 L. Ed. 841, 96 A. L. R. 1166.

In actions *in personam,* as between courts of concurrent jurisdiction within the federal system, the one which first acquires jurisdiction should maintain and exercise it to the exclusion of a court in which subsequent action is taken. *Bair v. Bryant,* D. C. Mun. App., 1953, 96 A. (2d) 508; *Brooks Transportation Co. v. McCutcheon,* 1946, 80 U. S. App. D. C. 406, 154 F. (2d) 841.

As between state and federal courts, however, the pendency in one jurisdiction of an action *in personam* will not preclude a later action for the same cause in the other. *Kline v. Burke Construction Co.,* 260 U. S. 226, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077.

Rule 13(a) of the Federal Rules of Civil Procedure, 28 U. S. C. A. as originally promulgated effective September 16, 1938, read as follows:

"A pleading shall state as a counterclaim any claim, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction".

As amended December 27, 1946, effective March 19, 1948, it now reads:

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, except that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action".

As pointed out in the Notes of the Advisory Committee on Amendments to Rules, following the text of Rule 13 in 28 U. S. C. A. page 515, the amendment resulted from the criticism of the language of the original rule in *Prudential Insurance Co. of America v. Saxe,* 1943, 77 U. S. App. D. C. 144, 134 F. (2d) 16, and was intended to insure against the "undesirable possibility presented under the original rule whereby a party having a claim which would be the subject of a compulsory counterclaim could avoid stating it as such by bringing an independent action in another court after the commencement of the federal action but before serving his pleading in the federal action".

In support of Judge Lewis' ruling in the case at bar, respondent cites *Red Top Trucking Corporation v. Seaboard Freight Lines,* D. C. S. D. N. Y. 1940, 35 F. Supp. 740, 742. There, as here, the controversy arose out of a motor vehicle collision. Red Top Trucking Corporation sued in

the District Court for property damage; and shortly thereafter Seaboard Freight Lines brought suit against Red Top Trucking Corporation in the Municipal Court of the City of New York for damages arising out of the same collision. The motion of the plaintiff in the federal court for an order enjoining prosecution of the action in the state court *pendente lite* was refused, the court holding that Rule 13(a) does not authorize the federal court to intrude upon the authority of the state court, and adverting to the rule, hereinbefore mentioned, that in actions in personam both courts have jurisdiction and neither can restrain the other. But the District Judge directed attention to the fact that Circuit Judge Charles E. Clark, then reporter to the Advisory Committee on the rules, upon being asked whether or not failure to plead the compulsory counterclaim in the federal court would bar later presentation of the cause of action in a state court, had twice expressed the view that it should, and that very likely a state court would so hold, although the framers of the rules could not govern state court rulings. And the District Judge went on to say:

"There is no doubt that Judge Clark had in mind the inability of the Federal Court to control proceedings in the State court. It will be observed that on both occasions he referred to possible recognition of this rule by the State tribunal, and it may be that such a court would give effect to it. *But that is the province of the State court, and it is a very different matter to ask the Federal court to exercise its injunctive powers to insure that result*". (Emphasis ours.)

*Coates v. Ellis*, D. C. Mun. App., 1948, 61 A. (2d) 28, involved an automobile collision in the District of Columbia. Mrs. Ellis sued Coates, for personal injuries, in the United States District Court for the District of Columbia, her husband joining as plaintiff because of medical expenses incurred and property damage sustained by him. After that action had been commenced Coates sued Mrs. Ellis in the Municipal Court for the District of Columbia,

for property damage sustained by him in the same collision. Mrs. Ellis moved in the Municipal Court to dismiss that action without prejudice; and the motion was granted. ·On appeal the court, pointing out that Coates' claim was the subject of a compulsory counterclaim under Rule 13(a), and that the District Court had undoubted power to enjoin him from proceeding further in his action in the Municipal Court, held that the latter court should not have dismissed the action, but should have stayed proceedings therein pending final determination of the claims of both parties in the District Court.

In *Conrad v. West,* 1950, 98 Cal. App. (2d) 116, 219 P. (2d) 477, the California court had under consideration a question of comity similar to that with which we are here concerned. There Conrad had leased a dwelling house to West, who, having learned that the rent charged was in excess of the maximum permitted under the rent control law, sued Conrad in the federal court to recover damages. Thereafter, Conrad brought a proceeding in the state court seeking to evict West. West moved in the state court to abate the action until the suit pending in the federal court should be disposed of; and the appeal was from the order refusing that motion. The appellate court held: (1) That when a state court and a federal court may each take jurisdiction of an action, the tribunal where jurisdiction first attaches may hold it to the exclusion of the other until its duty is fully performed and its jurisdiction exhausted; (2) that Conrad could have set up his claim to eviction as a counterclaim in the federal court action, and should have done so perforce Rule 13(a); and (3) that therefore the state court should have abated the action pending final determination of the action in the federal court.

In the *Conrad case,* had the state court taken jurisdiction as it had power to do, the federal court would have been powerless to interfere, and the purpose of Rule 13(a) could have been thus defeated. And so it is in the case at bar.

But the California court, in comity, stayed its hand in deference to the rules of the court of prior jurisdiction. We think that our court should have done likewise.

"The existence of jurisdiction does not mean that ■ it must be exercised and that grounds may not be shown for staying the hand of the Court." *Kansas City Southern R. Co. v. United States*, 282 U. S. 760, 51 S. Ct. 304, 306, 75 L. Ed. 684.

Thus where a prior action is pending in the state ■ court between the same parties and involving the same issues, and a decision by that court would adjudicate all the rights of the parties, the federal court, although having jurisdiction to entertain an action for declaratory judgment brought by a defendant in the pending cause, will decline to exercise it. *Aetna Casualty & Surety Co. v. Quarles*, 4 Cir., 92 F. (2d) 321; *Maryland Casualty Co. v. Boyle Construction Co.*, 4 Cir., 123 F. (2d) 558.

The action originally instituted by respondent in the ■ Court of Common Pleas for Dillon County was against Milton Nerzig alone. Stuart Nerzig was in no sense a necessary party for the determination of that controversy; his joinder involved a wholly new cause of action, the subject matter of which was already in litigation in the District Court of the United States. The rules governing civil procedure in that court have the force and effect of a federal statute, restricted, however, to matters of pleading, procedure and practice. *Sibbach v. Wilson & Co.*, 312 U. S. 1, 61 S. Ct. 422, 85 L. Ed. 479. They do not purport to abridge, enlarge or modify substantive rights, and they are of course not binding without the federal system. The courts of our state are under no compulsion to defer to the federal jurisdiction in cases such as the present. The federal courts in this state were under no compulsion to stay their hand in *Aetna Casualty & Surety Co. v. Quarles, supra, or in Maryland Casualty Co. v. Boyle Construction Co., supra*. But as in the cases last mentioned the exercise of the

federal jurisdiction would have disturbed the normal and adequate processes of litigation already pending in the state courts, so in the case at bar would the assumption of jurisdiction by our court of a cause of action essentially the subject of a compulsory counterclaim in the pending federal action unnecessarily hinder the jurisdiction of the district court and effectually defeat the purpose of its rule of procedure before mentioned. Such a course is inconsistent with that "spirit of reciprocal comity and mutual assistance" required for the effective operation of our two systems of courts.

The conclusion to which we are thus impelled requires not reversal of the order of the lower court permitting the amendment, but abatement of proceedings against the defendant Stuart Nerzig under the amended pleading until the action now pending in the United States District Court shall have been finally determined. The judgment of the lower court is modified accordingly, and the cause is remanded with instructions to that court to enter an order staying proceedings against the said defendant under the amended pleading until the final determination of the action now pending in the United States District Court.

Modified and remanded with instructions.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.