## 19010

Cora Lee duPONT, Appellant, v. Eugene duPont, III, Respondent

(172 S. E. (2d) 372)

*Messrs. R. B. Herbert, Jr.,* and *James M. Windham,* of *Herbert, Dial & Windham,* of Columbia, *for Appellant,*

*Messrs. Dowling, Dowling, Sanders & Dukes* of Beaufort, and *Murdaugh, Eltzroth & Peters,* of Hampton, *for Respondent,*

*Messrs. R. B. Herbert, Jr.,* and *James M. Windham,* of *Herbert, Dial & Windham,* of Columbia, *in Reply,*

February 2, 1970.

*Per Curiam.*

This action for divorce was brought and is pending in the Court of Common Pleas for Beaufort County. After a hearing before Judge Rhodes, Resident Judge of the Fourteenth Judicial Circuit, on February 17, 1969, at which both parties testified in person and were interviewed by the court, temporary custody of the only child of the marriage and tem-

porary alimony were awarded to the wife. Honorable Legare Rodgers, to whom the action was referred by general order of reference, filed his report on July 21, 1969. On the next day, counsel for the husband filed exceptions to the report. Counsel for the wife served exceptions to the report by mail on July 31.

Judge Rhodes was absent from the fourteenth circuit on vacation when the report was filed, but was scheduled to return on August 6, 1969, and did return to his circuit on that date. Within ten days after the filing of the report and before the wife's exceptions thereto had been completed, counsel for the husband gave notice that they would move to take up the exceptions to the report, "by both the plaintiff and the defendant," before Judge Ness, as judge of an adjoining circuit, on August 4, 1969, at Bamberg.

Mr. R. B. Herbert, Jr., of counsel for the wife, appeared in opposition to the motion, principally upon the grounds that there had been insufficient time to prepare the case for argument between Thursday afternoon, July 31, when the wife's exceptions (forty-five in number) were completed, and Monday morning, August 4, when the case was noticed to be heard; that a prior commitment of his law partner, Mr. J. M. Windham, who had been active in this case from its inception, prevented his collaboration in the preparation of the case and presence on August 4; that Judge Rhodes, who was familiar with the case and had heard the parties in person, would return to his circuit on August 6, and, no urgency or necessity for an immediate hearing being present, the ends of justice would be served by his passing upon the exceptions to the report.

Judge Ness overruled counsel's opposition to the motion that he take up the exceptions, stating that the husband, quoting from the court prepared statement of the case, "was entitled to have the exceptions heard timely and announced that he would either hear the matter then or would mark it 'heard' and set it for hearing during the next week at

Bamberg, South Carolina, thereby giving the (wife) more time to prepare for the hearing." Confronted by this ruling, Mr. Herbert chose the latter alternative, and Judge Ness issued a formal order directing "that the motion to hear the Exceptions to the Report of the Special Referee be heard at Bamberg County Court House, Bamberg, South Carolina, on August 14, 1969, at 9:30 o'clock a. m." The wife served and filed notice of appeal and on August 11, 1969, applied for and obtained a writ of supersedeas from a justice of this court.

The appeal must be sustained because the judge of the second circuit could not retain jurisdiction to hear and adjudge this fourteenth circuit case after the return of Judge Rhodes to his circuit. The powers of a circuit judge at chambers are defined by Section 15-233, Code of 1962, and may be exercised *only* in a county of the circuit in which such judge resides or is assigned to hold court; except that, during the absence of a resident or presiding judge from a circuit, jurisdiction of any matter in such circuit may be exercised by the resident or presiding judge of an adjoining circuit. Sec. 15-235, Code of 1962.

The exercise of jurisdiction at chambers by the judge of an adjoining circuit is permissible only when the statutory condition is met, i.e., the circuit in which the matter arises is without a resident or presiding judge by reason of absence or otherwise. Ex Parte Hart, 186 S. C. 125, 195 S. E. 253 (1938). This condition existed on August 4, 1969, and Judge Ness' jurisdiction to hear the motion noticed before him on that date is apparent. It is equally apparent that his jurisdiction terminated upon the return of Judge Rhodes to the fourteenth circuit on August 6 and could not be extended by the order from which this appeal is taken.

Reversed.