20949

James E. McEACHERN, Appellant, v. Ody POSTON, d/b/a Coastal Garage, Respondent.

(254 S. E. (2d) 796)

*Richard M. Kennedy, Jr.,* of *Kennedy & Price,* Columbia, *for appellant.*

*J. M. Long, Jr.,* Conway, *for respondent.*

May 1, 1979.

GREGORY, Justice:

This appeal is from an order of the lower court vacating a judgment by default and award of damages. We affirm in part, reverse in part, and remand.

Appellant James E. McEachern brought this action against respondent Ody Poston d/b/a Coastal Garage to recover actual and punitive damages for improper repairs made by respondent to appellant's automobile. The action was initiated on September 9, 1977 by personal service in Horry County of a summons and complaint.

Respondent requested and was granted an extension of time until noon October 15, 1977 to answer or otherwise plead to the complaint.

Respondent failed to answer the complaint and on October 18, 1977 appellant filed an affidavit of default with the Horry County Clerk of Court. A default hearing was conducted without notice to respondent on December 5, 1977 in Greenwood County by the Honorable Sidney Floyd. That same day, December 5, 1977, Judge Floyd granted judgment by default and awarded appellant three thousand five hundred ($3,500) dollars actual damages and two thousand ($2,000) dollars punitive damages.

The next day, December 6, 1977, respondent mailed an answer to the complaint to appellant.

On April 10, 1978 respondent noticed a motion in Horry County to vacate the judgment by default under Section 15-27-130, 1976 Code of Laws of South Carolina. The motion was heard in Horry County by Judge Floyd who, by order dated September 1, 1978, vacated the judgment by default. This appeal followed.

The lower court vacated the judgment by default under Section 15-27-130, 1976 Code, and permitted respondent to answer the complaint after finding (1) that respondent's failure to timely answer the complaint was due to excusable neglect and (2) that respondent possessed a meritorious defense.

Respondent's failure to timely respond to appellant's complaint is attributed to the involvement of his attorney in a term of General Sessions Court that was being held in the Fifteenth Judicial Circuit during the period a responsive pleading was due. Respondent's attorney was the solicitor for the Fifteenth Judicial Circuit at that time.

The law is clear in this State that the involvement of a party's attorney in other legal matters will not excuse a failure to answer or otherwise plead to a complaint. *Clark v. Clark*, S. C., 244 S. E. (2d) 743 (1978); *Sanders v. Weeks*, 270 S. C. 214, 241 S. E. (2d) 565 (1978); *Hodges v. Fanning*, 266 S. C. 517, 224 S. E. (2d) 713 (1976); *Simon v. Flowers*, 231 S. C. 545, 99 S. E. (2d) 391 (1957). Thus, the lower court erred in finding that respondent's failure to timely answer the complaint was due to excusable neglect.

We are satisfied, however, that the lower court reached the correct result by vacating the judgment by default and under Rule 4, Section 8 of our Rules of Practice we may affirm upon any ground appearing in the record.

This action was commenced in Horry County and appellant filed his affidavit of default in Horry County. Judge

Floyd is the resident circuit judge for the Fifteenth Judicial Circuit which includes Horry County.

Judge Floyd heard and determined appellant's motion for judgment by default while presiding over a term of court in Greenwood County which is located in the Eighth Judicial Circuit.

The Fifteenth Judicial Circuit does not adjoin the Eighth Judicial Circuit.

We think it is clear that a circuit judge, while sitting in one circuit, has no jurisdiction to hear and determine an application for a judgment by default in a case pending in another circuit. *State v. Best,* 257 S. C. 361, 186 S. E. (2d) 272 (1972); *duPont v. duPont,* 253 S. C. 591, 172 S. E. (2d) 372 (1970); *Shillito v. City of Spartanburg,* 215 S. C. 83, 54 S. E. (2d) 521 (1949). This was not a situation where the resident judge was temporarily absent from his resident circuit, Section 14-5-360, 1976 Code, or where the circuit was without a resident or presiding judge and jurisdiction existed in an adjoining circuit, Section 14-5-370, 1976 Code. Neither was it a situation where the matter was heard by the resident judge while in his home circuit but decided after leaving his home circuit to sit in another circuit. *Barnett v. Piedmont Shirt Corp.,* 230 S. C. 34, 94 S. E. (2d) 1 (1956).

Furthermore, Circuit Court Rule 37 requires that a motion for a judgment by default be made and heard in the circuit court in which the action would have been tried.

Judge Floyd was without jurisdiction in Greenwood County to hear and determine the motion for judgment by default, and on that ground we affirm that portion of the order of the lower court dated September 1, 1978 that vacates the judgment by default.

In view of our determination that respondent's failure to timely answer the complaint was not due to excusable neglect, we reverse that portion of the

lower court's order dated September 1, 1978 that permits respondent to file a delayed answer. *Hedgepath v. South Carolina State Highway Dept.*, 263 S. C. 98, 207 S. E. (2d) 820 (1974).

The lower court correctly recognized that even if respondent is in default, the award of actual and punitive damages must be set aside under our recent decision of *Howard v. Holiday Inns, Inc.*, S. C., 246 S. E. (2d) 880 (1978), where we held under similar circumstances that a defendant in default was entitled to an opportunity to participate in the hearing to assess damages. See also: *Thompson v. Wilder*, S. C., 253 S. E. (2d) 108 (1979); *Petty v. Weyerhaeuser*, S. C., 251 S. E. (2d) 735 (1979).

Accordingly, that part of the order of the lower court that vacates the judgment by default and award of damages is affirmed, that part of the order that permits respondent to answer the complaint is reversed, and the case is remanded for further proceedings consistent with this opinion.

Affirmed in part, reversed in part and remanded.

LEWIS, C. J., and LITTEJOHN, NESS and RHODES, JJ., concur.