21231

COLUMBIA ARCHITECTURAL GROUP, INC., Respondent, v.
John J. BARKER and Roy Strasburger, Appellants.

(266 S. E. (2d) 428)

*Thomas E. McCutchen* and *Herbert W. Hamilton,* of *Whaley, McCutchen & Blanton,* Columbia, *for appellants.*

*Robert L. Jackson,* of *Jackson & Moore,* Columbia, *for respondent.*

May 14, 1980.

LEWIS, Chief Justice:

The primary issue on this appeal concerns the appropriateness of the plaintiff's breach of contract action and the severability of the underlying contractual provisions constituting the basis of that action. We affirm the trial judge's denial of the appellants' motion for judgment *n. o. v.*

The parties entered an agreement whereby the respondent agreed to provide architectural services related to the design and construction of a condominium complex being developed by the appellants. The written agreement required the performance of certain services by the architect and required the payment of specific sums of money upon the completion of each of the four stages by the architect. The agreement required payment of a "lump sum of $110,000" to respondent for architectural services to be paid according to the following schedule: "$25,000 due at completion of design drawings; $25,000 due at 50% review of construction documents; $25,000 due 30 days after issuing of completed construction documents to contractor for bidding; $35,000 due 30 days after the issuing of construction documents to contractor for bidding for phase two of the project."

The first two exchanges of performance under the agreement were fully performed by both parties. However, after the complete performance by the architect of the third portion, and only the partial payment by the appellants of the corresponding monies owed, the appellants determined that the project was not financially feasible and elected to abandon the undertaking. Thereafter, the respondent initiated this action to recover monies owing under the contract for the third portion of the agreement, but he did not seek the benefit of his bargain or profit with regard to the final portion of the agreement.

The appellants, while conceding full performance of these three services by the respondent, argue on appeal that the

contract involved was entire in nature, thereby requiring the respondent to pursue an action for a breach of the entire contract. We disagree.

In *Packard & Field v. Byrd,* 73 S. C. 1, 51 S. E. 678 (1905), our Court previously articulated the general rule with regard to the severability of contracts:

A contract is entire, and not severable, when by its terms, nature, and purpose it contemplates and intends that each and all of its parts, material provisions, and the consideration are common each to the other and interdependent.

. . . . .

A severable contract is one in its nature and purpose susceptible of division and apportionment, having two or more parts, in respect to matters and things contemplated and embraced by it, not necessarily dependent upon each other, nor is it intended by the parties that they shall be. The entirety or severability of a contract depends primarily upon the intent of the parties rather than upon the divisibility of the subject, although the latter aids in determining the intention. 73 S. C. at 6, 51 S. E. at 679.

We think it a significant indication of the nature of the contract and the intent of the parties that the document embodying the agreement of the parties provides for a mutual exchange of performances which is indicative of a severable contract. Although the document does contain a lump sum figure, we hold it not to be determinative of the severability question, since we view the lump sum figure as merely reflective of an aggregate of the individual performances to be rendered by the appellants. Our decision is further influenced by the fact that the various stages of performance by the architect yielded documents which the appellants could use in pursuit of the development.

Accordingly, we hold that the contract for architectural services involved herein whereby the contract provides for specific monetary payments upon the

completion by the architect of specific services which resulted in various documents usable by the defendants to pursue the project, constituted a severable contract. See *Board of Com'rs of Kingfisher County v. Vahlberg,* 198 Okl. 527, 180 P. (2d) 144 (1947). It therefore follows that the posture of the case pursued by plaintiff was appropriate and the trial judge was correct in allowing the case to go to the jury.

■ The appellants additionally challenge the reasoning of the trial court that the respondent was entitled to the reasonable value of his services. They alleged this constituted error because the respondent's action was for breach of contract.

Even assuming the trial judge did so reason, we are satisfied that he reached the correct result. Since under Rule 4, Section 8 of our Rules of Practice, we may affirm upon any ground appearing in the record, this contention need not be further analyzed. *McEachern v. Poston,* 273 S. C. 122, 254 S. E. (2d) 796 (1978).

LITTLEJOHN and HARWELL, JJ., concur.

NESS and GREGORY, JJ., dissent.

GREGORY, Justice (dissenting):

I respectfully dissent. Being of the view the contract sued upon is entire, and not severable, I would reverse.

The respondent here had its choice of suit in quantum meruit or on the contract and chose the latter. The written agreement, drafted by the respondent, in my view envisions an entire project for a lump sum with payments apportioned for the convenience of the parties. The pertinent terms are:

Our fee for the above outlined Architectural and Engineering services through completion of construction documents will be a lump sum of $110,000.00.

Architectural and Engineering services as required during construction phase of the project will be on an hourly basis as follows:

—Principals' time at $25.00/hour.

—Employees time at 3 times direct payroll expense.

Payments will be according to the following schedule:

$25,000.00 due at completion of design drawings.

$25,000.00 due at 50% review of construction documents.

$25,000.00 due 30 days after issuing of completed construction documents to Contractor for bidding.

$35,000.00 due 30 days after issuing of construction documents to contractor for bidding for phase two of the project.

While I agree with the majority opinion the lump sum figure is not entirely determinative of the issue of severability, neither do I view the apportioned payment schedule as dispositive of this question. See annotation, 22 A. L. R. (2d), 1343. I cannot agree the written document sued upon embodies four divisible agreements independent of each other. It is obvious no one portion of the work would be of any value to appellants standing alone. I too cite *Packard & Field v. Byrd,* 73 S. C. 1, 51 S. E. 678 (1905) in support of my view that the portions referred to in the payment schedule of this agreement are interdependent components of an entire project, and the contract sued upon is accordingly indivisible.

Respondent seeks to recover the unpaid balance of the third installment only under the contract. I agree with appellants the trial judge erred by permitting a verdict for the reasonable value of respondent's services to stand as recovery for *quantum meruit* is impermissible in this suit on the contract.

I would reverse and remand for entry of judgment notwithstanding the verdict.

NESS, J., concurs.