**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

DRV Fontaine, LLC, Respondent,

v.

Fontaine Business Park, LLC; Fontaine Business Park 2, LLC; Fontaine Business Park 3, LLC; Fontaine Business Park 4, LLC; Fontaine Business Park 5, LLC; Fontaine Business Park 6, LLC; Fontaine Business Park 7, LLC; Fontaine Business Park 8, LLC; Fontaine Business Park 9, LLC; Fontaine Business Park 10, LLC; Fontaine Business Park 11, LLC; Fontaine Business Park 12, LLC; Fontaine Business Park 13, LLC; Fontaine Business Park 14, LLC; Fontaine Business Park 15, LLC; Fontaine Business Park 16, LLC; Fontaine Business Park 17, LLC; Fontaine Business Park 18, LLC; Fontaine Business Park 19, LLC; Fontaine Business Park 20, LLC; Fontaine Business Park 21, LLC; Fontaine Business Park 22, LLC; Fontaine Business Park 23, LLC; Fontaine Business Park 24, LLC; Fontaine Business Park 25, LLC; Fontaine Business Park 26, LLC; Fontaine Business Park 27, LLC; Fontaine Business Park 28, LLC; Fontaine Business Park 29, LLC; Fontaine Business Park 30, LLC; and Fontaine Business Park 31, LLC; Appellants.

Appellate Case No. 2014-000377

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2015-UP-506

Submitted September 1, 2015 – Filed November 4, 2015
Withdrawn, Substituted, and Refiled December 23, 2015

---

**AFFIRMED**

---

Brent B. Young and Mark A. Fulks, both of Baker
Donelson Bearman Caldwell & Berkowitz, PC, of
Johnson City, TN, for Appellant Fontaine Business Park,
LLC.

Tucker S. Player, of Player Law Firm, LLC, of
Columbia, for Appellants Fontaine Business Park 2-31,
LLC.

Robert L. Widener and Paul D. Harrill, both of McNair
Law Firm, PA, of Columbia, for Respondent.

---

**PER CURIAM:** Fontaine Business Park, LLC and Fontaine Business Park 2-31, LLC (collectively, Fontaine Business Park) appeal the circuit court's order granting DRV Fontaine, LLC's (DRV's) motion to strike Fontaine Business Park's jury trial demand and referring this case to the master-in-equity, arguing (1) the circuit court erred in finding jury trial waivers contained in the loan documents applied to the counterclaims asserted in their answers and (2) the circuit court's order of reference is invalid because it constituted a reversal of another circuit court judge's order. We affirm.[1]

1. We find the circuit court properly granted DRV's motion to strike Fontaine Business Park's jury trial demand. *See Hayne Fed. Credit Union v. Bailey*, 327 S.C. 242, 248, 489 S.E.2d 472, 475 (1997) ("A mortgage foreclosure is an action in equity."); *Wachovia Bank, Nat'l Ass'n v. Blackburn,* 407 S.C. 321, 330, 755 S.E.2d 437, 441 (2014) ("If the complaint is equitable and the counterclaim is legal and permissive, the defendant waives his right to a jury trial."); *id.* at 330, 755 S.E.2d at 441-42 ("If the complaint is equitable and the counterclaim is legal and compulsory, the plaintiff or the defendant has a right to a jury trial on the

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

counterclaim unless a valid jury trial waiver exists that encompasses the counterclaim."); *Beach Co. v. Twillman, Ltd.*, 351 S.C. 56, 63, 566 S.E.2d 863, 866 (Ct. App. 2002) ("A party may waive the right to a jury trial by contract."); *id.* at 64, 566 S.E.2d at 866 ("Such a waiver must be strictly construed [because] the right to trial by jury is a substantial right."); *id.* ("However, terms in a contract provision must be construed using their plain, ordinary and popular meaning."). Further, we find Fontaine Business Park's argument that DRV should be equitably estopped from enforcing the jury trial waivers is unpreserved. *See Chastain v. Hiltabidle*, 381 S.C. 508, 515, 673 S.E.2d 826, 829 (Ct. App. 2009) ("When an issue is raised to but not ruled upon by the trial court, the issue is preserved for appeal only if the party raises the same issue in a Rule 59(e)[, SCRCP] motion."); *Cowburn v. Leventis*, 366 S.C. 20, 41, 619 S.E.2d 437, 449 (Ct. App. 2005) ("When a trial court makes a general ruling on an issue, but does not address the specific argument raised by a party, that party must make a Rule 59(e) motion asking the trial court to rule on the issue in order to preserve it for appeal.").

2. We find the second issue does not concern subject matter jurisdiction and is unpreserved. *See Dove v. Gold Kist, Inc.*, 314 S.C. 235, 237-38, 442 S.E.2d 598, 600 (1994) ("Subject matter jurisdiction is 'the power to hear and determine cases of the general class to which the proceedings in question belong.'" (quoting *Bank of Babylon v. Quirk,* 472 A.2d 21, 22 (Conn. 1984)); *Harris v. Bennett*, 332 S.C. 238, 245, 503 S.E.2d 782, 786 (Ct. App. 1998) ("As a general rule, an issue may not be raised for the first time on appeal, but must have been raised to and ruled upon by the court below to be preserved for appellate review.").[2]

**AFFIRMED.**

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**

---

[2] In its reply brief, Fontaine Business Park argues for the first time that it did not receive notice that the circuit court would be considering DRV's motion for an order of reference along with the motion to strike. Because Fontaine Business Park did not include this issue in its statement of issues on appeal and did not raise this issue in its initial brief, this issue is not properly before this court. *See* Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal."); *Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 692 (Ct. App. 2001) ("[A]n argument made in a reply brief cannot present an issue to the appellate court if it was not addressed in the initial brief.").