**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wells Fargo, N.A. as successor by merger to Wachovia Bank, National Association, Respondent,

v.

Don A. Nummy, II, Dee S. Nummy, and Don A. Nummy, Appellants.

Appellate Case No. 2015-001521

———————

Appeal From Lexington County
Tanya A. Gee, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-153
Submitted January 1, 2017 – Filed April 12, 2017

———————

**APPEAL DISMISSED**

———————

Richard R. Gleissner, of Gleissner Law Firm, LLC, of Columbia, for Appellants.

Stanley H. McGuffin and John Gwilym Tamasitis, of Haynsworth Sinkler Boyd, PA, of Columbia; and Sarah Patrick Spruill, of Haynsworth Sinkler Boyd, PA, of Greenville, all for Respondent.

———————

**PER CURIAM:**  Don A. Nummy, II, Dee S. Nummy, and Don A. Nummy (collectively, Appellants) appeal the trial court's order denying their motion for summary judgment and granting Wells Fargo N.A., as successor by merger to Wachovia Bank, National Association's (Wells Fargo's) motion to strike Appellants' demand for a jury trial.  We dismiss[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying Appellants' motion for summary judgment: *Ballenger v. Bowen*, 313 S.C. 476, 477-78, 443 S.E.2d 379, 380 (1994) ("[T]he denial of summary judgment does not *finally* determine anything about the merits of the case . . . .  Therefore, an order denying a motion for summary judgment is not appealable."); *Olson v. Faculty House of Carolina, Inc.*, 354 S.C. 161, 168, 580 S.E.2d 440, 444 (2003) (holding an order denying a motion for summary judgment is not appealable).

2. As to whether the trial court erred in granting Wells Fargo's motion to strike Appellants' demand for a jury trial: *C & S Real Estate Servs, Inc. v. Massengale*, 290 S.C. 299, 300, 350 S.E.2d 191, 192 (1986) ("An order denying a party a jury trial is not immediately appealable unless it deprives him of a mode of trial to which he is entitled as a matter of right."); *Wachovia Bank, Nat'l Ass'n v. Blackburn*, 407 S.C. 321, 332, 755 S.E.2d 437, 443 (2014) ("A party may waive the right to a jury trial by contract." (quoting *Beach Co. v. Twillman, Ltd.*, 351 S.C. 56, 63, 566 S.E.2d 863, 866 (Ct. App. 2002))); *id.* at 332-33, 755 S.E.2d at 443 ("[T]he right to a trial by jury is a substantial right, and we 'strictly construe' such waivers." (quoting *Beach*, 351 S.C. at 64, 566 S.E.2d at 866)); *Regions Bank v. Schmauch*, 354 S.C. 648, 663, 582 S.E.2d 432, 440 (Ct. App. 2003) ("A person who signs a contract or other written document cannot avoid the effect of the document by claiming that he did not read it."); *Wachovia Bank*, 407 S.C. at 333 n.8, 755 S.E.2d at 443 n.8 (finding waivers to be conspicuous and unambiguous when they were printed in all capital letters with a bold heading and located at the end of the document directly above the signature line).

**APPEAL DISMISSED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.