0198

GUNTER'S ISLAND HUNTING CLUB OF HORRY COUNTY, SOUTH CAR-
OLINA, by W. I. SHELLEY, President, and Odell Hughes, Secretary,
individually and on behalf of approximately seventy members similarly
situate of Gunter's Island Hunting Club, Respondents, v. Charley
HUCKS, Murphy Hucks, Jimmy (Tiny) Hucks, Weston Dix, Jimmy Frye,
Wayne Walters, Kill Roy Walters, Lee Rabon, Hayward Squires, Levi
Johnson, Joe Turbeville, Bobby Lundy, Craig Dunn, Jimmy D. Edwards,
Tom Roberts, Boyd Turbeville, James Davis, Mack Arthur Edwards,
Dero Cook, Oliver Smith, Webb Frye, Lloyd Frye, and Jeff Frye,
Appellants.

(317 S. E. (2d) 470)

Court of Appeals

*H. T. Abbott, III,* Conway, *for appellants.*

*James B. Van Osdell,* of *Van Osdell, Lester, Stewart & McCutchen,* Myrtle Beach, *for respondents.*

Heard March 1, 1984.

Decided June 11, 1984.

GARDNER, Judge:

Respondents Gunter's Island Hunting Club, by W. I. Shelley, President, and Odell Hughes, Secretary, (the Hunting Club) brought this action against Hucks, et al., (Hucks) seeking injunctive relief from trespassing and interfering with the Hunting Club's quiet enjoyment of certain leased property. Hucks' counterclaim alleges, *inter alia,* that the roads to the lakes on the subject property are public roads and the lakes are public lakes. The case was referred to the Horry County Master who made a factual finding that the Hunting Club holds a hunting and fishing leasehold interest in the property and that the roads and lakes are public property; the Master recommended that Hucks be enjoined from hunting on the leased premises during the term of the lease and from interfering with the Hunting Club's enjoyment of their leasehold interest in the land and that the roads and lakes be declared public property. The Hunting Club excepted to the Master's Report. The trial judge overruled the Master's Report and ordered, *inter alia,* that Hucks be enjoined from interfering with the Hunting Club's quiet enjoyment of the leased premises; the appealed Order also overruled the Master's Report as it related to the roads and lakes because the

owners of the subject property and the state of South Carolina were not joined as parties to the action.

We agree and affirm.

On appeal, Hucks present for decision six questions, four of which are fact related. The Transcript of Record contains no testimony, nor does it contain copies of the pertinent leases. "The burden is on an appellant to present sufficient record from which this court can determine whether the lower court erred in the respects charged; and where, as here, the exceptions require consideration of the trial evidence, which is not included in the record, such exceptions will not be considered." *Wilson v. American Casualty Company*, 252 S. C. 393, 166 S. E. (2d) 797, 798 (1969). We therefore decline to consider the fact related questions.

We first consider Hucks' contention that the trial court erred in dismissing their counterclaim because proper indispensable parties were not before the court. We reject this contention. The counterclaim sought to have certain roads and lakes declared by the court to be public property and title to be in the name of the state of South Carolina. The owners of record of this property are not parties to this action and therefore their claim of title to the subject roads and lakes cannot be lawfully adjudicated. 67A C.J.S. *Parties* § 4(c) (1978).

Hucks also contend that if indispensable parties were not before the court, it was error to grant the relief sought by the Hunting Club, i.e., an injunction against interference with the quiet enjoyment by the Hunting Club of the leased premises. The Hunting Club by its complaint sought an injunction against alleged continuous trespass by Hucks. An action for "trespass quare clausum fregit" may be based upon possession only and not necessarily upon legal title. *Little v. Little*, 223 S. C. 332, 75 S. E. (2d) 871 (1953). Continuous trespass will be enjoined by a court of equity. *Carter v. Lake City Baseball Club*, 218 S. C. 255, 62 S. E. (2d) 470 (1950).

Finally, Hucks assert that the trial judge erred by holding that the appealed order did not pejudice Hucks' right to bring a separate action to declare the roads and lakes public property. We agree with the trial judge. The owners of the subject property and the state of South Carolina

were not parties to this action. Hucks cite no authority to support the proposition raised by this question and their brief on the subject simply asserts that they are precluded from initiating a separate action against the owners of the subject and the state of South Carolina. We fail to find any merit in this argument by Hucks.

We find no error in the appealed order and it is, therefore,

Affirmed.

CURETON and GOOLSBY, JJ., concur.