USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-2178 PERDONI BROTHERS, INC., Plaintiff, Appellee, v. CONCRETE SYSTEMS, INC., Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Joyce L. Alexander, U.S. Magistrate Judge] _____________________ ____________________ Before Breyer,* Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ____________________ John M. Lovely, with whom Daniel F. Cashman and Gelerman & _______________ ___________________ ___________ Cashman were on brief for appellant. _______ Valeriano Diviacchi, with whom Diviacchi Law Office was on brief ___________________ ____________________ for appellee. ____________________ September 2, 1994 ____________________ ____________________ *Chief Judge Stephen Breyer heard oral argument in this matter, but did not participate in the drafting or the issuance of the panel opinion. The remaining two panelists therefore issue this opinion pursuant to 28 U.S.C. 46(d). CYR, Circuit Judge. Defendant-appellant Concrete CYR, Circuit Judge ______________ Systems, Inc. (CSI), a New Hampshire producer of pre-cast con- crete products, contracted in 1985 with plaintiff-appellee Perdoni Brothers, Inc. (Perdoni), a Massachusetts-based construc- tion firm, to manufacture and deliver 121 custom-designed man- holes, at a total contract price of $51,670.47, for installation in a new sewer system in the Town of Ashland, Massachusetts. CSI contends that the district court committed reversible error in denying its post-verdict motion for judgment as a matter of law. See Fed. R. Civ. P. 50. For the reasons hereinafter discussed, ___ we affirm the district court judgment. I I BACKGROUND BACKGROUND __________ The first five manholes were delivered to the Perdoni job site by CSI on July 2, 1985. The remaining 116 manholes were delivered intermittently in twenty-six shipments extending over the next thirteen months and invoiced by individual shipment. Dissatisfied with the CSI manholes (which leaked and had to be patched),1 Perdoni brought this diversity action in ____________________ 1Sewer line manholes must be watertight. A common point of leakage is the area where the sewer lines enter the manhole structure. Precise casting, as well as installation of rubber "boots" to ensure a tight fit between the wall of the structure and the sewer line itself, is necessary to ensure the integrity of the manhole. At trial, Perdoni adduced evidence that CSI had used a defective hole former to cast the manholes for the Ashland project. Consequently, the pipe openings in the sides of the manholes were misshapen and the seals between the boot and rim of the openings were not watertight. 2 federal district court on April 25, 1990, demanding $134,000 in compensatory damages for breach of the implied warranties of merchantability and fitness for a particular purpose (implied warranty claims), see Mass. Gen. L. ch. 106 2-314, 2-315, and ___ additional damages based on a deceptive trade practices claim under Mass. Gen. L. ch. 93A ("Chapter 93A"). CSI counterclaimed for $18,561 allegedly due from Perdoni on the Ashland project and another contract. Trial was held before a magistrate judge, with the consent of the parties. See 28 U.S.C. 636(c). The implied ___ warranty claims were tried to a jury, while the Chapter 93A claim was tried to the presiding magistrate judge. It was not until after the close of all the evidence that CSI first moved for judgment as a matter of law on the implied warranty claims relating to 108 of the 121 manholes. The uncontroverted evidence demonstrated that only 13 manholes had been delivered by CSI within four years of the commencement of the present action. CSI accordingly contended that Perdoni's implied warranty claims relating to the other 108 manholes were time-barred under Mass. Gen. L. ch. 106 2-725(1) (prescribing four-year limitation on Uniform Commercial Code warranty actions); id. 2-725(2) (action ___ for breach of warranty under UCC accrues on "tender of delivery" of goods). The magistrate judge denied CSI's motion for judgment as a matter of law. Thereafter, the magistrate judge convened a charge conference to consider the jury instructions, including the 3 instruction on the statute-of-limitations defense. Neither party requested an instruction on the law governing the severability- ___ entirety issue. Although Perdoni unsuccessfully sought an instruction that the contract should be considered an entirety, CSI made no corresponding request for an instruction that the contract be considered severable. Consequently, the magistrate judge simply instructed the jury that CSI had the burden of proving that the action was time-barred, and that the four-year limitation period ran from the "time of delivery." Although both parties argued the severability-entirety issue, the court made no explicit reference to it and neither party objected to the jury instruction as given.2 The jury found in favor of Perdoni- ____________________ 2The instruction relating to the statute of limitations follows: [T]here is also an issue arising from [CSI's] asserted defense based on . . . the statute of limitations. This is simply a provision that a suit be commenced on certain types of claims with- in a prescribed period of time, otherwise, the suit is barred or precluded. For a breach of warranty claim, the applicable statute of limitations for an action on a contract for the sale of goods is four years. That means that a plaintiff has four years to bring a suit for a breach of war- ranty. The time limit placed upon Perdoni ___ ____ _____ ______ ____ _______ began to run at the time of delivery of the _____ __ ___ __ ___ ____ __ ________ __ ___ manholes, regardless of whether Perdoni knew _________ __________ __ _______ _______ ____ of the breach. Thus within four years of the __ ___ ______ time which Perdoni received the manholes, it must have commenced this lawsuit. * * * It is [CSI's] burden to show that Perd- oni has not complied with the statute of limitations, thus [CSI] has the burden of establishing that Perdoni filed a suit more than four years after the delivery of the 4 for $48,961, and in favor of CSI for $18,561 on its counter- claim. CSI then renewed its Rule 50 motion for judgment as a matter of law and, alternatively, moved for a new trial under Fed. R. Civ. P. 59. The magistrate judge did not address the merits of the CSI motion, however, ruling instead that CSI had waived its severability claim, both by failing to object to the jury instruction and by failing to raise the severability argu- ment in its pre-verdict Rule 50 motion.3 Nonetheless, the ____________________ manholes, and if Perdoni did not commence the suit within the four-year period, Perdoni may not recover on its warranty theories. Trial Tr. at 168 (April 16, 1993) (emphasis added). 3The magistrate judge noted that: This Court instructed [the jury] that, as an affirmative defense, CSI had the burden of proving . . . that Perdoni filed the suit more than four years after delivery of the manholes. CSI did not object to this instruction. Nor did CSI submit an instruction based on the law governing divis- ibility of performance, entire contracts, separate contracts and installment contracts. CSI was apparently content to treat the question of what constitutes the time of delivery as an issue of fact. CSI did move ___ for a directed verdict on this issue, but, again, this motion was predicated on the evidence being clear as to the tender of delivery and included no argument as to the ________ __ ________ __ __ ___ law governing divisibility of performance, ___ _________ ____________ __ ___________ entire contracts, separate contracts and ______ __________ ________ _________ ___ installment contracts. CSI's pretrial ___________ _________ memorandum was no more edifying on this point. . . . This court finds it late in the day to be raising the legal issue, and deems the issue waived. Perdoni Bros., Inc. v. Concrete Sys., Inc., Civ. 90-11046-WF, ____________________ ____________________ Memorandum Order at 7-8 (D. Mass. August 27, 1993) (emphasis added). 5 magistrate judge, sitting as trier of fact, found Perdoni's Chapter 93A claim time-barred as it pertained to 108 of the 121 manholes. CSI appealed the denial of its post-verdict motion for judgment as a matter of law or for a new trial on the implied warranty claims. See Fed. R. Civ. P. 50(b), 59. CSI's primary ___ appellate target is the district court's waiver ruling on the severability issue. II II DISCUSSION DISCUSSION __________ Leaving aside CSI's failure to object to the jury instruction on the statute-of-limitations defense, the district court waiver ruling is fully supported by CSI's failure to raise the severability argument in its pre-verdict motion for judgment as a matter of law. The law is crystal clear that a "party may not base its motion for a judgment n.o.v. on a ground that was not argued in its motion for directed verdict." Sweeney v. _______ Westvaco Co., 926 F.2d 29, 37 (1st Cir.) (citing Systemized of _____________ _____________ New England, Inc. v. SCM, Inc., 732 F.2d 1030, 1035 (1st Cir. __________________ _________ 1984)), cert. denied, 112 S. Ct. 274 (1991); see also 9 Charles _____ ______ ___ ____ A. Wright & Arthur R. Miller, Federal Practice & Procedure 2537 ____________________________ (1971) ("Since it is technically only a renewal of the motion . . . made at the close of evidence, [a post-verdict Rule 50 motion] cannot assert a ground that was not included in the motion for a directed verdict."); 5A James W. Moore, Moore's Federal Practice ________________________ 50.08 (2d ed. 1994) (same). Sweeping invocations of conclusory 6 theories or abstract principles will not suffice: "The motion must . . . be made with sufficient specificity to allow the district court to understand precisely why the evidence is insufficient." Wells Real Estate, Inc. v. Greater Lowell Bd. of _______________________ _____________________ Realtors, 850 F.2d 803, 810 (1st Cir.), cert. denied, 488 U.S. ________ _____ ______ 955 (1988); Pstragowski v. Metropolitan Life Ins. Co., 553 F.2d ___________ __________________________ 1, 3 (1st Cir. 1977) (where Rule 50 motion was silent as to the legal theory that plaintiff was obliged to establish malice on the part of the defendant, there was no basis for an appellate challenge to the sufficiency of the evidence on the element of malice). Ultimately, of course, "[a]ppellate review may be obtained only on the specific ground stated in the motion for directed verdict." Wells Real Estate, 850 F.2d at 810; Pstragows- _________________ __________ ki, 553 F.2d at 3 (same). __ The pre-verdict motion for judgment as a matter of law, see Fed. R. Civ. P. 50(a),(b), stressed the undisputed fact that ___ 108 manholes were delivered more than four years prior to suit, but presented no authority or argumentation whatever that the contract should be considered severable (i.e., that Massachusetts ____ law permitted or required that the individual shipments of manholes receive separate treatment for statute-of-limitation purposes, rather than as an entire contract for 121 manholes). The consequences of CSI's cryptic approach were foreordained. Most importantly, the district court was never fore- warned of the legal basis for the severability claim first surfaced by CSI following the adverse jury verdict. Under our 7 precedent, therefore, on appeal CSI was not entitled to challenge the sufficiency of the evidence supporting the jury verdict on the limitations issue. See Wells Real Estate, 850 F.2d at 10; ___ _________________ Pstragowski, 553 F.2d at 3. The magistrate judge correctly ruled ___________ that CSI was bound by its own pre-verdict decision to entrust its severability claim to the jury with no further legal definition than the unchallenged instruction that "accrual" under the Massachusetts UCC occurs at the "time of delivery." See United ___ ______ California Bank v. Eastern Mountain Sports, Inc., 546 F. Supp. _______________ ______________________________ 945, 964 (D. Mass. 1982) ("Under Massachusetts law, 'it is clear that a cause of action . . . accrues when delivery is made regardless of the buyer's knowledge of the breach.'") (quoting Wolverine Ins. Co. v. Tower Iron Works, 370 F.2d 700, 702 (1st __________________ ________________ Cir. 1966)), aff'd, 705 F.2d 439 (1st Cir. 1983); accord Bay _____ ______ ___ State-Spray & Provincetown S.S., Inc. v. Caterpillar Tractor Co., _____________________________________ _______________________ 533 N.E.2d 1350, 1353 (Mass. 1989).4 Under Article 2 of the Uniform Commercial Code, the severability or entirety of a contract of sale turns on the ____________________ 4Counsel argued the severability-entirety issue in their closings. CSI argued that the parties' performance under the contract demonstrated their practice of treating each separately ________ invoiced shipment of manholes as a distinct transaction. See ________ ___ Trial. Tr. at 141 ("really what is occurring here is a series of contracts . . . . All the manholes were made to order. The manholes that were shipped . . . in 1986 have no relation to the manholes that were delivered as of November 14, 1985.") Perdoni, on the other hand, urged the jury to view the contract as a unitary whole, and to recognize that Perdoni required all of the manholes in order to complete its contract project. Id. at 157 ___ ("if you ordered 12 eggs, and you get 10, you don't say, 'Thank you for delivering my eggs.' . . . . [T]he full quantity ordered was not delivered until July of 1986."). 8 intent of the contracting parties, see, e.g., Carlo Bianchi & Co. ___ ____ ___________________ v. Builders' Equip. & Supplies Co., 199 N.E.2d 519, 528 (Mass. _______________________________ 1964) (severability or entirety of contract dependent on intent of parties) (citing, inter alia, Bianchi Bros., Inc. v. Gendron, _____ ____ ___________________ _______ 198 N.E. 767, 770 (Mass. 1935)); Belanger v. Haverlock, 537 A.2d ________ _________ 604 (Me. 1988) (same); Lake LBJ Mun. Util. Dist. v. Coulson & ___________________________ _________ C.A.E., Inc., 771 S.W.2d 145 (Tex. 1988) (same); Scruggs v. _____________ _______ Quality Elec. Serv., Inc., 320 S.E.2d 49 (S.C. 1984) (same); In _________________________ __ re Estate of Wilson, 405 N.E.2d 220 (N.Y. 1980); 1901 Wyoming ____________________ _____________ Ave. Coop. Assoc. v. Lee, 345 A.2d 456 (D.C. 1975); see also 17A _________________ ___ ___ ____ Am. Jur. 2d 415 (1991) ("Whether a contract is entire or severable is a question of fact"), a quintessential jury ques- tion. There can be no question that CSI elected to forego a more _______ definitive jury instruction on the law governing the severabili- ty-entirety issue pressed on appeal. As was its right, CSI simply attempted to persuade the jury that the parties intended a severable contract. Having once embarked on this course, howev- er, CSI was not entitled to set out on a new one after its chosen litigation tactic failed. See Brody v. President & Fellows of ___ _____ _______________________ Harvard College, 664 F.2d 10, 12 (1st Cir. 1981) (noting that _______________ litigants ordinarily are bound by their tactical decisions at trial), cert. denied, 455 U.S. 1027 (1982). Thus, the district _____ ______ court did not err in denying the motion for judgment as a matter of law, since CSI "forfeited its right to raise the [severability claim] by waiting to raise it until after the jury reached its 9 verdict." Sweeney, 926 F.2d at 37.5 _______ Next, even assuming that it failed to preserve its severability claim for appeal, CSI argues that a new trial is required due to alleged inconsistencies between the jury's award of damages on the implied warranty claims and the magistrate judge's resolution of the limitations defense relating to the Chapter 93A claim. We do not agree. First, as no special interrogatory was submitted to the jury on the limitations defense relating to the implied warranty claims, it would be conjectural to conclude that the damages awarded by the jury and the finding made by the magistrate judge are irreconcilable. See Fed. R. Civ. P. 49(a) (right to trial on ___ particular issue waived absent request for specific jury find- ing); Kavanaugh v. Greenlee Tool Co., 944 F.2d 7, 11 (1st Cir. _________ __________________ 1991) (applying Rule 49 waiver provision). In determining the intent of the contracting parties in this case, the jury may either have found (1) that the contract was severable, and made a generous award of damages (i.e., 37% of the total damages re- ____ quested by Perdoni on only 11% of the units supplied by CSI); or (2) that the contract was not severable, and made a meager award (i.e., 37% of the total damages requested by Perdoni on 100% of ____ the units supplied by CSI). The inconsistency posited by CSI is ____________________ 5As CSI advances the same arguments in support of its appeal from the denial of its Rule 59 motion, we conclude that the district court likewise acted well within its discretion in denying CSI's motion for new trial on the merits. See Phav v. ___ ____ Trueblood, Inc., 915 F.2d 764, 766 (1st Cir. 1990) ("abuse of _______________ discretion" standard governs review of denial of Rule 59 motion). 10 predicated on the assumption that the jury made a meager award of damages, yet there is no record basis for such a conclusion. Given the strong presumption of regularity attending jury ver- dicts, see, e.g., Veiga v. McGee, 26 F.3d 1206, 1215 (1st Cir. ___ ____ _____ _____ 1994) (noting that reviewing court is compelled to uphold jury verdict under Rule 50 "even in a close case" unless no reasonable jury could have reached the same conclusion), we decline to disturb the verdict on the basis of the assumed inconsistency posited by CSI. Second, CSI posits an inconsistency between the results reached by different decisionmakers on distinct claims, and incorrectly assumes that the jury verdict must yield. Where an irreconcilable inconsistency exists between a bench decision and a jury verdict on different claims arising out of the same transaction, the jury finding must take precedence in the Seventh Amendment context: "when a party has a right to a jury trial on an issue involved in a legal claim, the judge is of course bound by the jury's determination of that issue as it affects his disposition of an accompanying equitable claim." Lincoln v. _______ Board of Regents, 697 F.2d 928, 934 (11th Cir.) (citing Curtis v. ________________ ______ Loether, 415 U.S. 189, 196 n.11 (1974); Dairy Queen, Inc. v. _______ __________________ Wood, 396 U.S. 469, 470-73 (1962)), cert. denied, 464 U.S. 826 ____ _____ ______ (1983); Los Angeles Police Protective League v. Gates, 995 F.2d _____________________________________ _____ 1469, 1473 (9th Cir. 1993) (same); Fowler v. Land Management ______ ________________ Groupe, Inc., 978 F.2d 158, 163 (4th Cir. 1992) (same); Wade v. ____________ ____ Orange Cty. Sheriff's Office, 844 F.2d 951, 954 (2d Cir. 1988) _____________________________ 11 (same); see also Walsh v. Chestnut Hill Bank & Trust Co., 607 ___ ____ _____ ________________________________ N.E. 2d 737, 740-41 (Mass. 1993) (noting "equitable" nature of claims under Chapter 93A; no right to jury trial). Moreover, in the Chapter 93A context, the court has recognized that judge and jury, sitting as independent triers of fact, may reach conflicting conclusions. Wallace Motor Sales, Inc. v. American __________________________ ________ Motors Sales Corp., 780 F.2d 1049, 1063-67 (1st Cir. 1985) ____________________ (rejecting claim that judge's findings must always conform to those of the jury; upholding findings made by district judge on Chapter 93A claim and by jury on Dealers Act claim); accord ______ Fowler, 978 F.2d at 162-63 (concluding that under certain circum- ______ stances "it is entirely acceptable that the two fact-finders reach conflicting conclusions on the issues"). Thus, even assuming inconsistent findings, CSI's claim must fail. Cf. ___ Kavanaugh, 944 F.2d at 9 (noting this court's "substantial _________ reluctance to consider inconsistency [within] civil jury verdicts a basis for new trials.") Finally, permitting CSI to employ the bench ruling on the severability issue as a lever with which to upset the jury verdict would circumvent the important Rule 50 corollary that "a party who move[s] for a directed verdict may obtain appellate review only on the specific ground stated in the motion." ____ Pstragowski, 553 F.2d at 3 (emphasis added); accord Fleming James ___________ ______ Jr. et al., Civil Procedure 7.30 (4th ed. 1992) (observing that _______________ post-judgment motions for judgment as a matter of law are "limit- ed to the assertion of issues or grounds specifically raised in 12 the prior motion"); see also Doty v. Sewall, 908 F.2d 1053, 1057 ___ ____ ____ ______ n.4 (1st Cir. 1990) (noting that failure to bring issue underly- ing new trial claim to district court's attention is significant because "'[b]y doing so . . . [the party] got a chance to see the verdict and then to seek to overturn it.'") (quoting Caldarera v. _________ Eastern Airlines, Inc., 705 F.2d 778, 782 (5th Cir. 1983). ________________________ Challenges to jury verdicts must be evaluated against the back- drop of the case "as submitted" to the jury. See, e.g., Griffin ___ ____ _______ v. Matherne, 471 F.2d 911, 915 (5th Cir. 1973), quoted in 1 ________ ______ __ Steven A. Childress & Martha S. Davis, Federal Standards of _____________________ Review 3.10 (2d ed. 1992). ______ Affirmed.6 Affirmed. ____________________ 6Although counsel fees have been awarded on occasion for an appellate defense of a judgment on a Chapter 93A claim, see, ___ e.g., Manzaro v. McCann, 401 Mass. 880, 885 (1988), there is no ____ _______ ______ basis for a fee award to Perdoni, since CSI did not challenge the district court judgment on the Chapter 93A claim. 13